UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA BAILEY, *et al.*,                    Case No. 1:04-cv-243

    Plaintiffs,                             Watson, J.
                                            Black, M.J.
vs.

ALICE HEMPEN, *et al.,*

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT:**

**(1)**     **DEFENDANT KATHERINE WATKINS' MOTION TO DISMISS (Doc. 9) SHOULD BE GRANTED;**
**(2)**     **DEFENDANT DWIGHT M. MYFELT'S MOTION TO DISMISS (Doc. 23) SHOULD BE GRANTED;**
**(3)**     **DEFENDANT THOMAS LIPPS' MOTION TO DISMISS (Doc. 26) SHOULD BE GRANTED;**
**(4)**     **PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Doc. 31) SHOULD BE DENIED;**
**(5)**     **THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY;**
**(6)**     **DEFENDANT JONI VEDDERN WILKENS' MOTION TO DISMISS (Doc. 12) SHOULD BE DISMISSED AS MOOT; AND**
**(7)**     **THIS CASE SHOULD BE CLOSED.**

Plaintiffs Linda J. Bailey and Gordon W. Bailey, Jr. ("plaintiffs"), the natural parents of a minor child, Danielle N. Bailey ("Danielle"), initiated this action by filing a complaint against six defendants: Alice Hempen, Danielle's legal guardian and custodian; Katherine Watkins, Magistrate, Hamilton County Juvenile Court; Thomas Lipps, Judge,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Hamilton County Juvenile Court; Joni Veddern Wilkens, Ms. Hempen's attorney; and Dwight D. Myfelt and Melanie Walls, Danielle's guardians *ad litem* (collectively "defendants").

I.

The present action relates to juvenile court proceedings which began in 1996 and, allegedly, are ongoing. (*See* doc. 1, ¶ 24). According to counsel for Judge Lipps, the litigation was initiated by plaintiffs to establish a guardianship for their minor children. (Doc. 26, p. 4). At that time, Gordon W. Bailey, Jr. was found by Magistrate Watkins to be an unfit parent due to a post-traumatic stress disorder resulting from his military service in Vietnam. (Doc. 1, ¶ 24).

Plaintiffs allege that they have been subjected unfairly to a myriad of restrictions regarding their parental rights since 1996. (*See id.* at ¶¶ 8-9). They allege that Danielle's legal guardian, Ms. Hempen, a non-relative, has not been subjected to similar scrutiny. (*Id.* at ¶ 9). They state that Ms. Wilkens, Ms. Hempen's attorney, has employed legal tactics to deny them the opportunity to visit and raise their child. (*Id.* at ¶ 10).

Plaintiffs allege that Magistrate Watkins has delayed rulings or summarily denied their petitions for custody, and that Judge Lipps has encouraged and sanctioned the denial of their civil rights throughout the juvenile court proceedings. (*Id.* at ¶ 20).

Plaintiffs claim that the current guardian *ad litem,* Ms. Walls, failed to take any action after a house fire was allegedly caused by Ms. Hempen's smoking in bed. (*Id.* at ¶ 17). They allege that the guardians *ad litem,* Ms. Walls and Mr. Myfelt, have not been

provided with proper training, and that they have done little to attempt meaningful resolution of the ongoing litigation or to effect reunification of the family. (*Id.* at ¶ 21).

Plaintiffs also allege that they have been required to pay compensation to the guardians *ad litem* and child support to Ms. Hempen as a condition of visitation. (*See id.* at ¶¶ 20, 28).

Seeking compensatory and punitive damages and injunctive relief, plaintiffs claim, *inter alia,* that: (1) defendants deprived them of their rights to due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and equal protection of the laws as guaranteed by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983 (count one); and (2) defendants conspired to discriminate against them based on their disabilities in violation of 42 U.S.C. § 1985(3) (count two).

In count three of the complaint, plaintiffs seek a judgment declaring as unconstitutional, in violation of their rights to due process and equal protection, two state statutes which govern child custody disputes, Ohio Rev. Code Ann. §§ 2151.23(A) and 3109.04.[2] They maintain that parents who are named in private custody proceedings are not afforded the same due process protections that are provided to parents who are named

---

[2] "Under Ohio law, child custody disputes fall within the coverage of either [Ohio Rev. Code Ann. §] 3109.04 or 2151.23. [Section] 3109.04 provides guidance to domestic relations courts for the allocation of parental rights and responsibilities between divorcing parents. [Section] 3109.04(D)(2) permits a domestic relations court, under certain circumstances, to award custody of a child of divorcing parents to a relative of the child other than one of the parents when it is in the best interest of that child. The other statute, [Ohio Rev. Code Ann. §] 2151.23(A)(2), gives juvenile courts exclusive jurisdiction 'to determine the custody of any child not a ward of another court of this state'[.]" *Vance v. Vance,* 151 Ohio App. 3d 391, 396, 784 N.E.2d 172, 176 (Ohio Ct. App. 2003).

in child dependency proceedings.

On August 5, 2004, plaintiffs filed a notice voluntarily dismissing counts one and two, their claims under 42 U.S.C. §§ 1983 and 1985, as against Magistrate Watkins and Judge Lipps.  (Doc. 15).

On August 19, 2004, plaintiffs filed a notice of voluntary dismissal of all claims against Ms. Wilkens.  (Doc. 19).

Motions to dismiss have been filed by defendants Watkins, Wilkens, Myfelt, and Lipps.  (Docs. 9, 12, 23, 26).  Plaintiffs have filed a motion for leave to file an amended complaint.  (Doc. 31).

## II.

On consideration of a motion to dismiss, the Court must take all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *See Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.), *cert. denied,* 498 U.S. 867(1990). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

A.  The *Younger* Doctrine

Defendants argue in part that the complaint should be dismissed under the *Younger* abstention doctrine.  *See Younger v. Harris,* 401 U.S. 37, 44-45 (1941).

Under the *Younger* doctrine, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances

are present. *Younger,* 401 U.S. at 44-45. "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1074 (6th Cir. 1998); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature, as long as federal court intervention "unduly interfere(s) with the legitimate activities of the Stat(e)." *Juidice v. Vail,* 430 U.S. 327, 335-36 (1977) (quoting *Younger,* 401 U.S. at 44).

The requirements for abstention are met in this case.

First, although the underlying dispute began in 1996, plaintiffs acknowledge that the proceedings are "continuing to the present time." (Doc. 1, ¶ 12).

Second, it is well established that the state has an important interest in the welfare and protection of minor children. *See Moore v. Sims,* 442 U.S. 415, 423 (1979); *Meyers v. Franklin County Court of Common Pleas,* No. 99-441, 2001 WL 1298942, at *2 (6th Cir. Aug. 7, 2001).

Third, there is no evidence that the state court proceedings do not provide an opportunity for plaintiffs to raise their constitutional claims. As the Sixth Circuit has noted, parties to proceedings in Ohio juvenile courts can raise constitutional challenges to statutes and procedures. *See Meyers,* 2001 WL 1298942, at *3 & n.3 (citing *Lesher v. Lavrich,* 784 F.2d 193, 194 (6th Cir. 1986)).

Because the *Younger* abstention doctrine applies in this case, defendants' motions to dismiss should be granted, and the complaint should be dismissed without prejudice for lack of subject matter jurisdiction. *See Hall v. The Beast,* No. 03-6447, 2004 WL 2320347, at *1 (6th Cir. Sept. 20, 2004) (affirming district court's decision to dismiss for lack of jurisdiction where *Younger* doctrine applied in case involving state issues of domestic relations, child custody and abuse); *see also D.L. v. Unified School Dist. No. 497,* ___ F.3d ___, ___, 2004 WL 2988526, at *4 (10th Cir. Dec. 27, 2004) (holding that "*Younger* abstention is jurisdictional").

B.   The *Rooker-Feldman* Doctrine

Additionally, to the extent that plaintiffs' prior petitions for custody and visitation have been denied, and state proceedings with respect to those petitions have concluded, review of their claims is barred under the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923). Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *Patmon v. Michigan Supreme Court,* 224 F.3d 504, 506-07 (6th Cir. 2000).

In considering whether the *Rooker-Feldman* doctrine applies, the Court must determine whether the plaintiff's constitutional claims are inextricably intertwined with the state court's decision. *Feldman,* 460 U.S. at 486-87; *Patmon,* 224 F.3d at 509-10. "A plaintiff's claims are inextricably intertwined with the state court's decision if the federal

claims can succeed only to the extent that the state court wrongly decided the issues before it, ... and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law." *Rowls v. Weaver,* No. 01-1589, 2001 WL 1580246, at *1 (6th Cir. Dec. 7, 2001) (citing *Patmon,* 224 F.3d at 509-10; *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998), *amended on denial of reh'g,* 243 F.3d 234 (6th Cir. 2001)).

A dismissal under the *Rooker-Feldman* doctrine is a dismissal without prejudice. *See Frederiksen v. City of Lockport,* 384 F.3d 437, 438 (7th Cir. 2004); *see also Pancake v. McCowan,* Nos. 02-3537, 02-3594, 2003 WL 2007943, at *1 (6th Cir. Apr. 30, 2003) (*per curiam*).

In the present case, plaintiffs' claims are "inextricably intertwined" with the state court decisions. Plaintiffs bring specific constitutional challenges to state laws governing juvenile court proceedings. They seek a judgment declaring that defendants' policies and practices have violated their right to equal protection and denied them, as parties to private custody proceedings, the constitutional protections which are afforded to parents in dependency proceedings, including the following: the Fourth Amendment right to be free from unreasonable searches and seizures; the Fifth Amendment protection against self-incrimination; the right of access to the courts; the right the be free from unreasonable governmental interference with fundamental parenting rights; the Sixth Amendment rights to confront witnesses and to be assisted by counsel; and the right to bear and raise one's children without governmental interference. (*See* doc. 1, pp. 7-8).

Additionally, for plaintiffs to succeed in this federal action, this district court would necessarily have to determine that the state courts erred in adjudicating the custody proceedings.

Thus, the *Rooker-Feldman* doctrine applies. The complaint should be dismissed, without prejudice, for lack of jurisdiction.

C.   Dismissal under Fed. R. Civ. P. 12(b)(6).

In the alternative, the complaint may be dismissed, with prejudice, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is proper if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

1.   Plaintiffs' claims under 42 U.S.C. § 1983 (count one).

First, claims for monetary and injunctive relief as against Mr. Myfelt and Ms. Walls, and claims for injunctive relief against Magistrate Watkins and Judge Lipps, may be dismissed on grounds of judicial immunity.[3]

It is well established that judges and other judicial officers enjoy immunity from suits for monetary damages under § 1983 arising out of the performance of their judicial functions. *Briscoe v. LaHue,* 460 U.S. 325, 334 (1983). Judicial immunity applies even to acts performed maliciously and corruptly, as well as to acts performed in bad faith or

---

[3] As previously noted, plaintiffs' claims for monetary relief as against Magistrate Watkins and Judge Lipps have been dismissed. (*See* doc. 15).

with malice. *See Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547, 553-55 (1967). Through the enactment of the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996), Congress expanded the ambit of judicial immunity by amending 42 U.S.C. § 1983 so as to also prohibit injunctive relief against a judicial officer absent a showing that the judicial officer was acting in clear excess of his or her jurisdiction. *See Gilbert v. Ferry,* 298 F. Supp. 2d 606, 611 (E.D. Mich. 2003).

The federal courts have determined that judicial immunity also extends to guardians *ad litem* for conduct within the scope of their duties. *See Cok v. Costino*, 876 F.2d 1, 3 (1st Cir. 1989); *Gardner v. Parson,* 874 F.2d 131, 146 (3d Cir. 1989); *Kurzawa v. Mueller,* 732 F.2d 1456, 1458 (6th Cir. 1984).

Plaintiffs have not alleged any conduct by Magistrate Watkins, Judge Lipps, Mr. Myfelt, or Ms. Walls that is outside the scope of their duties as judicial officers and guardians *ad litem.* Thus, these defendants are entitled to judicial immunity from plaintiffs' claims under count one of the complaint.

Second, it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims as against Ms. Hempen, Danielle's legal guardian.

To prevail in a civil rights action under § 1983, plaintiffs must show (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Graham v. National Collegiate Athletic*

*Ass'n,* 804 F.2d 953, 957 (6th Cir. 1986). Plaintiffs must establish both of these elements to sustain their claim. *See id.*

Plaintiffs cannot prevail in their claims against Ms. Hempen because they have alleged no facts to show that she acted under color of state law. *See, e.g., Milburn v. Anne Arundel County Dep't of Soc. Servs.,* 871 F.2d 474, 479 (4th Cir.), *cert. denied,* 493 U.S. 850 (1989) (foster parents were not "state actors" for purposes of § 1983, despite the fact that they were licensed by the state and were entrusted by the state with the care of the child).

    2.    Plaintiffs' claims under 42 U.S.C. § 1985(3) (count two).

Plaintiffs' claims that defendants conspired to deprive them of protected rights also lacks merit.

To maintain a cause of action under § 1985(3), plaintiffs must establish the following four elements: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir. 1994), *cert. denied,* 514 U.S. 1066 (1995). In addition, plaintiffs must show the conspiracy was motivated by class-based animus. *Id.*

In the present case, plaintiffs claim that they both are disabled, and that defendants have deprived them of their rights and discriminated against them based on their

-10-

disabilities. (*See* doc. 1, ¶ 37).

Their claim lacks merit because discrimination based on disabilities is not actionable under § 1985(3). *Bartell v. Lohiser,* 215 F.3d 550 (6th Cir. 2000). Section 1985(3) covers only those "conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of asserting certain fundamental rights.'" *Id.* at 560 (quoting *Browder v. Tipton,* 630 F.2d 1149, 1150 (6th Cir. 1980)). *See also Swank v. Taft,* No. C2-00-981, 2001 WL 1681143, at *5 (S.D. Ohio Oct. 4, 2001) ("It is well established that the disabled do not constitute a suspect class for purposes of equal protection analysis.").

3. Plaintiffs' claims for declaratory and injunctive relief (count three).

In count three of their complaint, plaintiffs seek a judgment declaring unconstitutional two Ohio statutes governing child custody proceedings, Ohio Rev. Code Ann. §§ 2151.23 and 3109.04. These claims are also barred by judicial immunity.

While the FCIA provides judicial immunity for claims under § 1983 for monetary and injunctive relief, it does not protect judicial officers from claims for equitable relief when "a declaratory decree was violated or declaratory relief was unavailable." Pub. L. No. 104-317, § 309(c). Neither limitation applies in this case.

Plaintiffs have not alleged any facts to show the existence of a declaratory decree or, if one exists, that its terms have been violated. Additionally, they have not set out any facts which would demonstrate that the Ohio courts are unwilling to correct constitutional errors in juvenile court proceedings.

### III.

Plaintiffs' motion for leave to file amended complaint lacks merit.

Leave to amend a complaint must be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987).

Denial of a motion to amend is proper, however, "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied,* 517 U.S. 1121 (1996). A proposed amendment is futile if it would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Thiokol Corp. v. Department of Treasury,* 987 F.2d 376, 382 (6th Cir. 1993); *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir. 1980).

In support of the motion for leave to amend the complaint, plaintiffs allege that they have had "years and years" of juvenile court litigation and an extensive appellate history, up to and including a petition for writ of certiorari in the United States Supreme Court. (*See* doc. 31). They maintain that the extensive state court record is sufficient to demonstrate that the *Younger* abstention doctrine does not apply.

Insofar as the *Younger* doctrine applies where state court proceedings are still pending, plaintiffs are correct that the doctrine would not apply to proceedings that have concluded. Nonetheless, because plaintiffs' federal court claims are inextricably

intertwined with the state court proceedings, the *Rooker-Feldman* doctrine would apply in the alternative, thus depriving the court of jurisdiction.

Plaintiffs also seek leave to amend the complaint to add the mail-handlers union as a party.

The Federal Rules of Civil Procedure permit a plaintiff to join as defendants all persons against whom his claims for relief arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a); *see Crutcher v. Commonwealth of Kentucky,* No. 91-5893, 1992 WL 98020, at *3 (6th Cir. May 11, 1992), *cert. dismissed,* 507 U.S. 968 (1993) (citing *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974)). Joinder under Rule 20 is permissive, and the exercise of permissive joinder is a matter of judicial discretion. *McCormick v. Mays,* 124 F.R.D. 164, 168 (S.D. Ohio 1988).

Joinder is not warranted in the present case. Plaintiffs seek to add the mail handlers' union in order to present a claim that the union breached the duty of fair representation owed to plaintiff Gordon W. Bailey, Jr. (*See* doc. 31). Plaintiffs have not alleged any facts to show that the proposed claim arises "out of the same transaction, occurrence, or series of transactions or occurrences" or that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

**IV.**

In summary, to the extent state court proceedings are still pending, the Court is

required under the *Younger* doctrine to abstain from addressing plaintiffs' constitutional claims. To the extent the state court proceedings have concluded, the *Rooker-Feldman* doctrine applies, and subject matter jurisdiction is lacking. Accordingly, the complaint should be dismissed, without prejudice. In the alternative, if the Court were to reach the merits of plaintiffs' claims, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiffs' motion for leave to amend their complaint should be denied because amendment would be futile. Plaintiffs' request to add a party should be denied because there has been no showing that the claim to be asserted against the proposed party is sufficiently related to the existing claims to warrant joinder under Fed. R. Civ. P. 20.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Katharine Watkins' motion to dismiss (doc. 9) should be **GRANTED**;

2. Defendant Dwight M. Myfelt's motion to dismiss (doc. 23) should be **GRANTED**;

3. Defendant Thomas Lipps' motion to dismiss (doc. 26) should be **GRANTED**;

4. Plaintiffs' motion for leave to file an amended complaint (doc. 31) should be **DENIED**;

5. The complaint should be **DISMISSED** in its entirety for lack of jurisdiction;

6. Defendant Joni Veddern Wilkens' motion to dismiss (doc. 12) should be **DISMISSED AS MOOT;** and

    7.  This case should be **CLOSED.**


Date:  1/12/05                                       s/Timothy S. Black
                                                                        Timothy S. Black
                                                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA BAILEY, *et al.*,

    Plaintiffs,

vs.

ALICE HEMPEN, *et al.*,

    Defendants.

Case No. 1:04-cv-243

Watson, J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).