UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Linda Bailey, *et al.*,

    Plaintiffs,

v.

                                          Case No. 1:04cv243

Alice Hempen, *et al.*,                        Judge Michael H. Watson

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is the January 12, 2005 Magistrate Judge's Report and Recommendation (Doc. 37) regarding Defendant Katherine Watkins' Motion to Dismiss (Doc. 9); Defendant Dwight M. Myfelt's Motion to Dismiss (Doc. 23); Defendant Thomas Lipps' Motion to Dismiss (Doc. 26); and Plaintiffs' Motion for Leave to File an Amended Complaint. (Doc. 31)

Also before the Court is Defendant Joni Veddern Wilkens' Motion to Dismiss. (Doc. 12) However on August 19, 2004, Plaintiffs dismissed all claims against Defendant Wilkens. (Doc. 19)

Plaintiffs bring claims for (1) deprivation of due process and equal protection in violation of 42 U.S.C. § 1983; (2) conspiracy to discriminate based on disability in violation of 42 U.S.C. § 1985(3); and (3) a declaration that Ohio Rev. Code §§ 2151.23(A) and 3109.04 are unconstitutional. Plaintiffs seek compensatory and punitive damages as well as injunctive relief.

A. The Magistrate Judge's Report and Recommendation.

In the R&R, the Magistrate Judge recommends granting Defendants Watkins, Myfelt, and Lipps' Motions to Dismiss under the *Younger* Doctrine and the *Rooker-Feldman* Doctrine. In the alternative, the Magistrate Judge found that dismissal was proper under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because Defendants Watkins, Lipps, Myfelt, and Walls were entitled to judicial immunity from Plaintiffs' claims. In addition, the Magistrate Judge found that Plaintiffs could not prevail in their claims against Defendant Hempen because they had not alleged any facts that showed that she had acted under color of state law. The Magistrate Judge also recommends denying Plaintiffs' Motion for Leave to file an Amended Complaint because the amendments would be futile and joinder of the mail handlers union is not warranted. Finally, the Magistrate Judge recommends denying Defendant Wilkens' Motion to Dismiss as moot; dismissing Plaintiffs' Complaint in its entirety; and closing this case.

B. Objections to the Report and Recommendation.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiffs filed Objections to the R&R, and Defendants Myfelt, Watkins and Lipps filed Responses in Opposition to Plaintiffs' Objections. (Docs. 40, 41, 42)

Plaintiffs re-argue the basis for their due process and equal protection claims, emphasizing that they are seeking declaratory relief. Plaintiffs also point out that while Defendants Watkins and Lipps may be entitled to judicial immunity from an award of

2

damages, they are not shielded from injunctive and declaratory relief. Plaintiffs argue that the Younger abstention and Rooker-Feldman doctrines do not apply because their claims are not "inextricably intertwined" with a prior state court decision. Plaintiffs argue that the state court did not reach any substantive decision, and instead simply refused to consider the claims of the parents. Plaintiffs state that they are only seeking a declaration that the lack of procedural safeguards for parents is unconstitutional. Plaintiffs maintain that this claim is excepted from the Rooker-Feldman doctrine because it is a general challenge to the constitutionality of the state law applied in the state action, rather than the law's application in their case. Plaintiffs state that in the Amended Complaint they would seek to allege additional facts which demonstrate that the Ohio courts are unwilling to correct constitutional errors in the juvenile court proceedings. Finally, Plaintiffs argue that under the state compulsion test, Defendant Hempen is a state actor.

C. <u>Analysis</u>.

1. *Lack of Jurisdiction*.

Plaintiffs argue that the Younger abstention and Rooker-Feldman doctrines do not apply to their case.[1]

The Younger abstention doctrine "counsels federal-court abstention when there is a pending state proceeding" and "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." Meyers v. Franklin County Court of Common Pleas, No. 99-4411, 2001 WL 1298942, *204 (6th Cir. Aug. 7, 2001) (unpublished), citing, Moore v. Sims, 442 U.S.

---

[1] Plaintiffs also argue that their case is not moot. However, while the issue of mootness was addressed by the Magistrate Judge, it was not a basis of the R&R.

415, 423 (1979). In their Objections, Plaintiffs reiterate that the underlying state proceedings are ongoing. Plaintiffs do not dispute the Magistrate Judge's finding that the state proceedings implicate important state interests. However, Plaintiffs argue that an exception to the *Younger* abstention doctrine is applicable because the lengthy history of litigation in the state courts demonstrate that the Ohio courts are unwilling to correct constitutional errors.[2] However, Plaintiffs have not alleged that the constitutionality of the statutes in question were actually raised in the state court proceedings, nor have they argued that they have been prevented from raising their constitutional claims in the state court proceedings. Therefore, the Court finds that abstention is proper in this case. *Accord Meyers*, 2001 WL 1298942, at *205; *Pinkney v. State of Ohio*, 2005 WL 1491228, *3 (N.D.Ohio 2005) (slip op.).

The *Rooker-Feldman* doctrine states that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. Berkley*, 305 F.3d 386, 390 (6th Cir. 2002).[3]

The Sixth Circuit has held that where a complaint seeks federal court review of a state court judgment regarding guardianship of a minor child, the *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction. *Carr v. Spencer*, No. 00-4488, 13 Fed. Appx.

---

[2] Plaintiff's argument is in fact made with respect to the application of the *Rooker-Feldman* doctrine, but because this is an exception to the *Younger* abstention doctrine, the Court will address this argument here.

[3] The doctrine derives its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (only the U.S. Supreme Court has the power to hear appeals from state court judgments) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (federal district courts do not have jurisdiction to hear challenges to certain state-court decisions).

296, 297-98 (6th Cir. 2001) (unpublished). Yet, Plaintiffs argue that *Rooker-Feldman* is not applicable because they are bringing a general challenge to the constitutionality of the state law applied.[4] This assertion is correct to the extent that they are seeking a revision of Ohio's law regarding guardianship procedures. *See Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 619 (6th Cir. 2003) (if plaintiff were seeking to obtain relief against the denial of his Bar application, instead of simply seeking to clear away the allegedly unconstitutional rules so that he can reapply to the Bar in the future unimpeded by these rules, then Rooker-Feldman would apply); *see also Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (holding that in determining the applicability of *Rooker-Feldman* doctrine, federal courts cannot simply compare the issues involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint, but instead must pay close attention to the relief sought by the federal-court plaintiff). However, to the extent that Plaintiffs are seeking narrow relief, their claim is barred by *Rooker-Feldman*. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 617 (E.D.Mich. 2003). Therefore, Plaintiffs cannot pursue certain relief requested in their Complaint: a declaration that Plaintiffs have been denied due process, money damages, or preliminary and permanent injunctions that would enjoin Defendants "from continuing to violate plaintiffs' rights under the United States Constitution." (Doc. 1) Under *Rooker-Feldman*, Plaintiffs are only permitted to seek a declaration that the policies and practices of Ohio Rev. Code §§ 2151.23 and 3109.04 are unconstitutional. *See Planet Earth Entertainment, Inc. v. Edwards*, 84 F.Supp.2d 891, 900-

---

[4]There are two statutes which Plaintiffs seek to have declared unconstitutional: Ohio Rev. Code §§ 2151.23(A) and 3109.04. Section 2151.23(A) pertains to the jurisdiction of a juvenile court. Section 3109.04 pertains to the allocation of parental rights and responsibilities.

5

901 (S.D.Ohio 1999); *see also Marran v. Marran*, 376 F.3d 143, 153 (3d Cir. 2004) (despite the fact that plaintiffs attempted to seek relief prohibited by *Rooker-Feldman*, the § 1983 claim itself is not barred by *Rooker-Feldman*). Therefore, Plaintiffs' section 1983 claim is barred by the *Rooker-Feldman* doctrine except to the extent that they seek a declaration that the policies and practices of Ohio Rev. Code §§ 2151.23 and 3109.04 are unconstitutional.

However, even if this Court does have jurisdiction over part of Plaintiffs' claims, the Court finds that Plaintiffs' claim is subject to dismissal for failure to state a claim.

    2.    *Failure to state a claim.*

When determining the sufficiency of a complaint in the face of a motion to dismiss, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Plaintiff argues that while Defendants may be entitled to judicial immunity from an award of damages, they are not shielded from declaratory and injunctive relief. However, as the Magistrate Judge noted, the 1996 Federal Courts Improvement Act ("FCIA") amended section 1983 so as to prohibit injunctive relief against a judicial officer. Plaintiffs do not argue that the exceptions to this general rule are applicable in this case.

Nevertheless, Plaintiffs may be correct in their argument that FCIA does not prohibit declaratory relief. *Cody v. Severson*, 2005 WL 2046009, *4 (D.S.D. 2005) ("Unlike monetary damages and injunctive relief, however, declaratory relief is not barred by absolute judicial immunity."), *citing, Haas v. Wisconsin*, 2004 WL 1799360, *114 n. 8 (7th Cir. 2004); *Brandon E. v. Reynolds*, 201 F.3d 194, 197 (3d Cir. 2000); *see also Leclerc v.*

*Webb*, 270 F.Supp.2d 779, 793 (E.D.La. 2003) ("The FCIA amendments continue to contemplate declaratory relief by making express reference to it as a first step before injunctive relief is permissible.") Therefore, to the extent that Plaintiffs' claim is not barred by the *Rooker-Feldman* doctrine, Plaintiffs would be entitled to such relief against Defendants.

However, Plaintiffs have failed to address caselaw which holds that judges are not proper parties when a plaintiff questions the constitutionality of a statute. *See In re Justices of Supreme Court of Puerto Rico*, 695 F.2d 17, 21 (1st Cir. 1982). Because judges who are not acting in an enforcement or administrative capacity have no stake in upholding the statute against constitutional challenge, section 1983 does not provide relief against them. *Id.* at 22. Therefore, where judges act only as neutral arbiters in a dispute, a plaintiff fails to state a claim for which relief can be granted. *Id.* Here, Plaintiffs have not shown that Defendants Watkins and Lipps are acting in an enforcement or administrative capacity. Instead, the facts as alleged indicate that Defendants Watkins and Lipps act only as neutral arbiters with respect to Ohio Revised Code §§ 2151.23(A) and 3109.04. In determining parental rights and responsibilities, judges neither initiate the proceedings or are adverse to the parents. *See Brandon E. v. Reynolds*, 201 F.3d 194, 199-200 (3d Cir. 2000) (finding that judge acting pursuant to statute allowing a county judge to involuntarily commit a minor to substance-abuse treatment facility on petition of parent or legal guardian was acting within his adjudicatory role); *see also Grant v. Johnson*, 15 F.3d 146 (9th Cir. 1994) (finding that judge appointing temporary guardian pursuant to statute allowing judge to appoint temporary guardian without notice or a hearing, acts in adjudicatory capacity and therefore is not a proper party in a section 1983 suit contesting the constitutionality of

statute); *Bauer v. Texas*, 341 F.3d 352, 361 (5th Cir. 2003) (finding that statutory requirements that judge be presented with evidence, that application be filed, notice be given, and hearing be held, demonstrate that judge acts in adjudicatory capacity in appointing temporary guardian). Therefore, Defendants Watkins and Lipps are not proper parties to Plaintiff's section 1983 action challenging the constitutionality of Ohio Revised Code §§ 2151.23(A) and 3109.04. Accordingly, Plaintiffs have failed to state a claim against Defendants Watkins and Lipps.

Plaintiffs have also failed to address absolute immunity as it applies to Defendant Myfelt. It is clear based on the Sixth Circuit's decision *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984), that a defendant who functions as a guardian *ad litem* is entitled to absolute immunity under *Briscoe v. LaHue*, 460 U.S. 325 (1983). Therefore, Plaintiffs have failed to state a claim against Defendant Myfelt.

Finally, Plaintiffs argue that under the state compulsion test, Defendant Hempen is a state actor. "The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). Plaintiffs argue that the state's exercise of power has allowed Hempen to maintain custody with limited visitation. However, this argument was specifically rejected by the Fourth Circuit in a case cited by the Magistrate Judge: *Milburn v. Anne Arundel County Dept. of Social Services*, 871 F.2d 474, 479 (4th Cir. 1989), *cert. denied*, 493 U.S. 850 (1989). Another district court within the Sixth Circuit has held similarly. *See Lintz v. Skipski*, 807 F.Supp. 1299, 1307 (W.D. Mich. 1992) (foster parents are not state actors for purposes of § 1983), *cert. denied*, 513 U.S. 988 (1994). Therefore,

8

the Court finds that Hempen is not a state actor for purposes of section 1983, and Plaintiffs have failed to state a claim against Defendant Hempen.

3.     *Motion to Amend Complaint.*

After a responsive pleading has been served, a party may amend its pleading only by leave of court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a court need not grant leave to amend where an amendment would be "futile." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).

Plaintiffs argue that the amendment would not be futile because it would allege additional facts which demonstrate that the Ohio courts are unwilling to correct constitutional errors in the juvenile court proceedings. Plaintiffs appear to argue that these allegations would prevent their claims from being barred by the *Rooker-Feldman* doctrine. However, Plaintiffs do not state what these additional facts are, and do not explain how these additional facts would prevent their federal claim from being inextricably intertwined with the state court judgments. Therefore, the Court finds that the amendment would be futile and Plaintiffs will not be granted leave to amend their Complaint.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation. Accordingly, the January 12, 2005 Magistrate Judge's Report and Recommendation is hereby **ADOPTED.**

It is **ORDERED** that:

1. Defendant Katherine Watkins' Motion to Dismiss (Doc. 9) be **GRANTED**;

2. Defendant Dwight M. Myfelt's Motion to Dismiss (Doc. 23) be **GRANTED**;

3. Defendant Thomas Lipps' Motion to Dismiss (Doc. 26) be **GRANTED**;

4. Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 31) be **DENIED**; and

5. Defendant Joni Veddern Wilkens' Motion to Dismiss (Doc. 12) is **DENIED** as **MOOT**.

_____
Michael H. Watson, Judge
United States District Court